# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICKEY JAMES GRANDY,

        Plaintiff,

      -vs-                                                   Case No.   14-CV-0287

N. KAMPHUIS and C. HARTMAN,

        Defendants.

## DECISION AND ORDER

        This case has shown the many problems that can result from prisoners attempting to litigate a case together and from a failure to follow the rules.

        On March 17, 2014, the Court received a complaint with prisoners Rickey James Grandy and Benjamin John Biese named as plaintiffs. However, the plaintiffs did not pay the full filing fee of $400.00 and neither plaintiff had filed a motion for leave to proceed *in forma pauperis*. After a letter from the Clerk of Court, plaintiff Grandy submitted a motion for leave to proceed *in forma pauperis*, but he did not submit a certified copy of his prison trust account statement for the six months prior to the filing of his complaint until the Court ordered him to do so. Once the Court had both the motion and the trust account statement, plaintiff Grandy was ordered to pay an initial partial filing fee and finally did so on May 27, 2014.

        Plaintiff Biese, however, submitted a notice of voluntary dismissal on April 3, 2014, and was terminated from the case. Six weeks later, on May 16, 2014, Biese filed a motion

to rejoin the complaint, claiming that he had inadvertently put the wrong case number on his notice of voluntary dismissal. Such confusion is not surprising, given the large number of cases Biese has filed in this Court in since the beginning of 2014.

On May 16, 2014, Biese also filed a motion for leave to proceed *in forma pauperis*, but he did not provide a certified copy of his trust account statement with the motion. On June 27, 2014, Biese filed a second motion for leave to proceed *in forma pauperis* and finally included his trust account statement.

Just days later, though, Grandy filed a motion to appoint counsel and informed the Court that Biese is not his "next friend," that they had some problems, and that Biese was threatening to "mess up" Grandy's § 1983 cases.

Biese followed that up with a motion for extension of time to file an amended complaint and a motion to appoint counsel due to his inability to confer with Grandy. On July 14, 2014, Biese filed a number of exhibits in this case. And then, on July 15, 2014, Biese filed a motion to amend/correct the complaint that included additional defendants and factual allegations but did not include a complete amended complaint, which is required by Civil Local Rule 15(a) (E.D. Wis.). Additionally, to the extent this motion could be construed as an amended complaint, it was signed only by Biese. The Seventh Circuit has cautioned:

> A prisoner litigating on his own behalf takes the risk that one or more of his claims may be deemed sanctionable under Fed.R.Civ.P. 11, or may count toward the limit of three weak forma pauperis claims allowed by § 1915(g). A prisoner litigating jointly under Rule 20 takes those risks for all claims in the complaint, whether or not they concern him personally. Sharing works both ways; detriments as well as costs are parceled out among plaintiffs.

2

*Boriboune v. Berge*, 391 F.3d 852, 854-55 (7th Cir. 2004). Each plaintiff is required to sign every pleading filed in their case; and each signature conveys all of the representations specified by Rule 11(b) for the entire complaint. *Id.* at 855. Most recently, Biese filed a motion for temporary restraining order and notice of imminent danger, along with a letter regarding many of his pending cases.

First and foremost, the Court advises the plaintiffs that one prisoner cannot represent another before this Court. To the extent *pro se* plaintiffs decide to proceed in one action, they must each sign every pleading and motion filed with the Court. This requires cooperation and communication between the plaintiffs, as well as access to each other, which the Court cannot require of the Wisconsin Department of Corrections. This Court does not and cannot authorize a non-lawyer to represent another individual. Pleadings submitted by only one plaintiff apply only to that plaintiff and not to the entire case.

That said, though, there is only one plaintiff in this case—Rickey James Grandy. Although he suggests that his notice of voluntary dismiss was inadvertent, it seems that it was for the best given the subsequent dispute between Grandy and Biese and Grandy's desire not to have Biese file things on his behalf or represent his interests. A voluntary dismissal is without prejudice, and Biese is free to bring his claims in another case, if he so chooses. Accordingly, the Court will deny each of Biese's pending motions. Biese should not file any additional documents in this case.

What remains then is for the Court to: (1) decide Grandy's motion for leave to proceed *in forma pauperis*; (2) screen Grandy's claims in the complaint; and (3) decide Grandy's

motion to appoint counsel. However, there is a problem with that too. A review of the complaint submitted reveals that it was only signed by Biese, not Grandy. Additionally, though it follows the outline of the Court's § 1983 form, the plaintiffs did not use the Court's form complaint, which is required by Civil Local Rule 9(b) (E.D. Wis.). That means that at this time there is no operative complaint to screen for the only remaining plaintiff. The Court will provide Grandy with a copy of the Court's § 1983 form and the original complaint. He will then have until **Friday, August 29, 2014**, to submit a signed amended complaint using the Court's form. If an amended complaint is received, the Court will consider Grandy's motion for leave to proceed *in forma pauperis* and screen the complaint. Failure to submit an amended complaint by that date will result in a dismissal of this action for failure to prosecute.

The Court also must deny without prejudice Grandy's motion to appoint counsel. The Court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). However, as a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the Court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.* Grandy has made no attempt to

4

satisfy the threshold requirement of attempting to secure counsel on his own, and his motion will be denied without prejudice. Moreover, based on his ability to communicate with the Court, the Court concludes that Grandy is competent to submit an amended complaint without the assistance of counsel.

**IT IS THEREFORE ORDERED** that Biese's motion to re-join complaint (Docket #10) is **denied**.

**IT IS FURTHER ORDERED** that Biese's motion for leave to proceed *in forma pauperis* (Docket #11) is **denied**.

**IT IS FURTHER ORDERED** that Biese's motion for leave to proceed *in forma pauperis* (Docket #17) is **denied**.

**IT IS FURTHER ORDERED** that Biese's motion for extension of time (Docket #23) is **denied**.

**IT IS FURTHER ORDERED** that Biese's motion to appoint counsel (Docket #23) is **denied**.

**IT IS FURTHER ORDERED** that Biese's motion to amend/correct complaint (Docket #28) is **denied**.

**IT IS FURTHER ORDERED** that Biese's motion for preliminary injunction (Docket #29) is **denied**.

**IT IS FURTHER ORDERED** that Biese's motion for temporary restraining order (Docket #29) is **denied**.

**IT IS FURTHER ORDERED** that Biese's motion to transfer to another

5

institution (Docket #29) is **denied**.

**IT IS FURTHER ORDERED** that Biese's for temporary restraining order (Docket #30) is **denied**.

**IT IS FURTHER ORDERED** that Grandy's motion to appoint counsel (Docket #21) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide Grandy with a copy of the original complaint filed in this case and a copy of the Court's § 1983 complaint form.

**IT IS FURTHER ORDERED** that on or before **Friday, August 29, 2014**, the plaintiff shall file a signed amended complaint using the Court's § 1983 complaint form.

Dated at Milwaukee, Wisconsin, this 8th day of August, 2014.

**SO ORDERED,**

*Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**